IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL POWERS       :   CIVIL ACTION
                :
    v.           :
                :
AIRGAS, INC., *et al.*      :   NO.  24-1353

## MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE         August 18, 2025

From October 2018 to March 2022, Michael Powers ("Plaintiff") worked as a branch manager ("BM") for Airgas, Inc. ("Defendant") at its Colorado Springs, Colorado branch. Complaint at 1.  He alleges that, in violation of the Fair Labor Standards Act, "("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Defendant required him to work in excess of 40 hours per week and failed to pay him for the excess hours he worked.  Complaint at 2, 5.  Plaintiff maintains that, although Defendant classified him as a manager and, therefore, exempt from the FLSA's overtime pay provisions, in reality, Plaintiff performed virtually no managerial duties and, instead, performed the same manual tasks as hourly employees.  *Id.* at 6.  Plaintiff also alleges that Defendant did not make an individual decision concerning whether he, or any other BM, had managerial duties and was, therefore, properly exempt from the FLSA's overtime provisions.[1]  *Id.* at 7.  Furthermore, Plaintiff asserts that Defendant provided insufficient staffing at his branch, as well as at all of its branches, so that Defendant knew all BMs had to perform non-exempt tasks, despite their titles and exempt status.  *Id.* at 7-8.  Plaintiff desires to prosecute his claim as a Collective Action on

---

[1] The FLSA exempts from its overtime provision, 29 U.S.C. § 207, anyone employed in a bona fide executive capacity. 29 U.S.C. § 213.  Implementing regulations define an employee in a bona fide executive capacity as one whose:  (1) compensation is on a salary basis at a level not less than set forth in 29 C.F.R. § 541.600 ($684 per week at the time the complaint was filed); (2) primary duty is management; (3) customarily and regularly directs the work of two or more employees; and (4) has the authority to hire and fire other employees, or whose suggestions and recommendations concerning hiring, firing, advancement, promotion, or any other change of status of other employees is given particular weight.  29 C.F.R. § 541.100(a).

behalf of all persons who worked for Defendant as BMs from the date of filing, April 1, 2024, back three years. *Id.* at 9.

Plaintiff has filed a motion and memorandum of law seeking the court's leave to provide notice to other past and present BMs who might be similarly situated to him. Defendant opposes Plaintiff's motion and Plaintiff has filed a reply. As explained below, the court finds that Plaintiff's motion should be granted.

## I.    THE FLSA'S NOTICE STANDARD

The FLSA allows for collective action, 29 U.S.C. § 216(b), which allows an aggrieved employee to bring an action on his own behalf as well as for any similarly situated employees. *Symczyk v. Genesis Healthcare, Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds by Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013). In a proper FLSA collective action, each similarly situated employee must affirmatively opt-in to the lawsuit by filing express, written consent to join the litigation as a Plaintiff. *Id.*

The federal courts have developed the use of a two-tiered determination before a district court may authorize a collective action under § 216(b). *Symczyk*, 656 F.3d at 192. At the first stage – the notice stage – Plaintiff must make a "modest factual showing" of some evidence that suggests a factual nexus between how the employer's policy affected him and how it affected other employees. *Id.* at 193. At the second stage, after notice has been provided to potential additional plaintiffs and additional discovery is pursued, Plaintiff has the burden to demonstrate, by a preponderance of the evidence, that he is, in fact, similarly situated to the employees who have opted-in. *Zavala v. Walmart Stores, Inc.*, 691 F.3d 527, 536-37 (3d Cir 2012). The second burden is much more demanding than the notice burden. *Id.* at 537. However, it is only the lower, notice burden is that is before the court now.

## II.    DISCUSSION

At the notice stage of this litigation, Plaintiff merely needs to make a "modest factual showing" that that he could be similarly situated to other employees.  He has made that showing; hence, his motion is granted.

In his Memorandum of Law, Plaintiff identifies two additional opt-in employees, Robert Horvath and Jennifer Cross, which he maintains were similarly situated to him.  Pl. Mem. of Law at 1.  Horvath and Cross, like Plaintiff, worked as exempt BMs for Defendant.  Horvath estimated that he worked 50 to 60 hours per week as an exempt BM.  Horvath Dep. at 260.  He testified to performing a great deal of manual labor, despite being a BM.  *Id.*  Horvath estimated that he spent 95% of his time performing manual labor, not managing.  *Id.* at 265.  He also indicated that he had no authority to perform management activities such as hiring, firing, promoting or disciplining employees.[2]  *Id.* at 265-66.  Horvath indicated that, except for the first six months he worked for Defendant, his branch was always understaffed.  *Id.* at 267.  Likewise, Cross testified that she worked 60 to 65 hours per week as an exempt BM.  Cross Dep. at 197.  She also performed a great deal of manual labor; she estimated that she spent 75 to 80% of her time performing these non-managerial duties.  *Id.* at 197-201.  Like Horvath, she was not allowed to perform managerial tasks such as hiring, firing, or disciplining employees.[3]  *Id.* at 201-02.  Cross also testified that her branch was always understaffed, which required her to perform non-managerial, manual work.  *Id.* at 203.

It is clear that Horvath and Cross provide a "modest factual showing" that Plaintiff may be "similarly situated" to other BMs.  All three of them, despite being designated as exempt BMs, performed few managerial tasks and spent most of their time performing nonexempt, manual labor.

---

[2] Under the governing regulations, this authority is required to properly classify an employee as an exempt manager. 29 C.F.R. § 541.100(a)(4).
[3] *See infra* n.2.

No more is needed to satisfy the FLSA's notice requirement. *Symczyk*, 656 F.3d at 193.

In an effort to defeat notice, Defendant has provided affidavits from ten of its BMs which it contends demonstrate that Plaintiff may not truly be "similarly situated" to other BMs. Def.'s Mem. of Law at 11-13. However, whether Plaintiff is truly "similarly situated" to other BMs is to be decided at the second tier, or "decertification" stage of the collective action determination; it is not decided at the notice stage. *Zavala*, 691 F.3d at 536. Defendant also highlights testimony from Plaintiff's deposition which, arguably, contradicts his allegations that he did not perform significant management activity. Def.'s Mem. of Law at 7-9. If true, this information could provide a basis to defeat Plaintiff's individual claim; however, it does not defeat the notice requirement.

Finally, the parties should meet and confer about the content of the notice to be provided and mechanics of serving said notice. The parties shall accomplish this goal within the deadline the court sets and they shall provide an agreed-upon notice for the court to approve within the deadline the court sets.

An implementing order follows.